# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROGER G. BURGESS AND** : | **Docket No.** |
| **CLAIRE C. BURGESS** : | |
| : | |
| **Versus** : | **Judge** |
| : | |
| **AIG PROPERTY CASUALTY** : | |
| **COMPANY** : | **Magistrate Judge** |

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

NOW COME ROGER G. BURGESS AND CLAIRE C. BURGESS, Plaintiffs, who, through undersigned counsel, respectfully represent that:

### PARTIES

1. Made Plaintiffs herein are ROGER G. BURGESS AND CLAIRE C. BURGESS, (hereinafter sometimes referred to as "Plaintiffs"), persons of the full age of majority and residents of the State of Louisiana.

2. Made Defendant herein is AIG PROPERTY CASUALTY COMPANY, (hereinafter sometimes referred to as "Defendant"), incorporated under the laws of Illinois, with a principal place of business at 500 West Madison Street, Suite 3000, Chicago, Illinois 60661. Defendant is authorized to do business and issue policies in the state of Louisiana. Defendant may be served with process through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

1

## JURISDICTION AND VENUE

3. This action is filed pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and Federal Rule of Civil Procedure 57.

4. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. § 2201 as well as 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between Plaintiffs and Defendant.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000). The amount in controversy in a declaratory judgment action is determined by the object of the litigation. The object of this declaratory judgment will determine whether Plaintiffs' losses are covered under Defendant's policy.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

7. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Louisiana based entities and consumers.

8. This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiffs are, therefore, entitled to bring this action in this Court.

## FACTUAL BACKGROUND

9. Plaintiffs contracted with Defendant to insure the property located at 6696 Highway 27 South, Sulphur, Louisiana 70665 (hereinafter collectively referred to as "insured premise").

10. The insured premise is the location of Plaintiffs' personal residence.

11. The insured premise is covered under a policy issued by Defendant with policy number believed to be No. PCG 0045903991 (hereinafter referred to as "the policy"). The policy was in full effect during the period of October 1, 2020 through October 1, 2021. Defendant assessed the risk and provided Replacement Cost Value coverage following their evaluation of the property.

12. Plaintiffs paid all premiums associated with the policy when due in a timely manner and without delay.

13. Plaintiffs entered into the contract of insurance with the reasonable expectation that in return for the payment of the premium, Defendant would abide by the terms of their policy and pay for any covered losses that may occur.

14. On or about February 15, 2021, Lake Charles, Louisiana and surrounding areas experienced near record-breaking cold temperatures.

15. The minimum temperature in the Lake Charles, Louisiana area on February 15, 2021 was 20 degrees and the maximum temperature was 31 degrees.

16. The minimum temperature in the Lake Charles, Louisiana area on February 16, 2021 was 16 degrees and the maximum temperature was 36 degrees.

17. Lake-effect snow moved across portions of southwest Louisiana, including Lake Charles, making the night of February 15, 2021 the coldest night this city has seen since December 24, 1989, when the temperature dropped to 14 degrees.

18. The City of Lake Charles administrative offices and services, including City Hall, were closed on Monday, February 15, 2021 and Tuesday, February 16, 2021, due to the inclement weather and the potential for icy road conditions.

19. As a result of these near record-breaking cold temperatures, Plaintiffs' property suffered extensive damage.

20. On or about February 15, 2021 or February 16, 2021, Plaintiff's property sustained significant interior damages as the result of a frozen pipe which burst in the attic.

21. Plaintiffs were not at the property at the time that the pipe burst, as they were out of town.

22. Plaintiffs provided timely and proper notice to Defendant of their claim upon their return to the property on or about February 16, 2021 or February 17, 2021.

23. In compliance with the policy, Plaintiffs began mitigating the loss as soon as possible.

24. Plaintiffs are entitled to recovery of all benefits due under the policy resulting from the damage to the insured premises, including, but not limited to, the structural loss, recoverable depreciation, additional living expenses and or loss of use expenses, and personal property.

25. Insurers have the duty to initiate loss adjustment of a property damage claim within fourteen (14) days after the notification of loss by a claimant. La. Stat. Ann. §22:1892(A)(3).

26. Defendant was given full access to inspect the insured premises in the beginning of March 2021. Defendant has had ample opportunity to view the extensive damage to the property.

27. Louisiana law provides claims handling timelines which are strictly construed.

28. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

29. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of

loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1).

30. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

31. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

32. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

33. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

34. In compliance with their duties, Plaintiffs have cooperated with Defendant and their consultants, making the property fully and completely available for the viewing of the physical loss evidence.

35. Defendant and their consultants knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

36. Plaintiffs have had to retain undersigned counsel to handle communications with Defendant in an attempt to bring this claim to a conclusion.

37. Defendant received satisfactory proof of loss at their inspection in March of 2021.

38. Defendant has failed to timely and reasonably adjust the loss.

39. Despite Defendant's failure to timely pay the evidenced loss, Plaintiffs have continued to work with Defendant and their consultants to ensure compliance with their duties under the policy. This cooperation in no way waives Defendant's duties under the law.

## CAUSES OF ACTION

40. Each section below containing a cause of action fully incorporates all facts and allegations set forth in each section previously set forth herein.

**DECLARATORY JUDGMENT: TIMELINE VIOLATION OF LA. STAT. ANN. §22:1892 AND §22:1973**

41. Plaintiffs are seeking a Declaratory Judgment confirming that Defendant has an obligation to comply with the 30-day and 60-day statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, in so far that the insurer must tender undisputed payments on a claim within the statutory time after receiving satisfactory proof of loss.

42. Plaintiffs are seeking Declaratory Judgment confirming that Defendant's thirty- and sixty-day timelines under La. Stat. Ann. §22:1892 and §22:1973 began to run upon the inspection of the property.

## BREACH OF CONTRACT

43. Defendant breached the terms of the policy when they unjustifiably failed and/or refused to perform its obligations in accordance with its policy and Louisiana law by failing to pay for all benefits due to the Plaintiffs.

44. This breach of the insurance contract was and is the direct and proximate cause of damage to the Plaintiffs for the repair of Plaintiffs' insured property with like kind and quality material as existed at the time the freeze occurred.

45. By virtue of the breach of contract, Defendant is liable to and owe Plaintiffs for the actual damages sustained as foreseeable and a direct result of the breach and all other damages the Plaintiffs may prove as allowed by the law.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

46. Defendant received satisfactory proof of the loss indicating the insurance benefits due to the Plaintiffs, but failed to timely investigate and settle the loss. Failure to make such payment within thirty days was arbitrary, capricious, and without probable cause, subjecting Defendant to a penalty, in addition to the amount of the loss, of 50% of damages on the amount found to be due from the insurer to the insured, as well as reasonable attorney's fees and costs pursuant to La. Stat. Ann. §22:1892.

47. In addition, Defendant owed Plaintiffs an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims but breached that affirmative duty by failing to pay the amount due on this claim within sixty days of receiving satisfactory proof of loss by acting in an arbitrary, capricious, and without probable cause manner, subjecting Defendant to a penalty of two times the amount of damages sustained, or $5,000, whichever is greater, pursuant to La. Stat. Ann. §22:1973.

## DAMAGES

48. As a result of the actions of the Defendant, Plaintiffs have suffered the following nonexclusive list of damages past, present, and future in amounts reasonable in the premises:

   a. Repair and remediation expenses;

   b. Additional living expenses and or loss of use expenses;

   c. Loss of personal property;

   d. Inability to make appropriate repairs due to inadequate insurance payments;

   e. Diminution in value of property;

   f. Actual damages related to the increased cost of repairs;

   g. Mental anguish;

   h. Attorney's fees and penalties; and

   i. Costs of this litigation and any pre-litigation costs related to the insurer's failure to make adequate insurance payments.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs herein, ROGER G. BURGESS AND CLAIRE C. BURGESS, pray that this complaint be filed into the record, that Defendant, AIG PROPERTY CASUALTY COMPANY, be cited to appear and answer same, and after due proceedings are had, there be Judgment rendered in favor of Plaintiffs, ROGER G. BURGESS AND CLAIRE C. BURGESS, and against Defendant, AIG PROPERTY CASUALTY COMPANY, for all damages as are reasonable in the premises, for all costs incurred in this matter, along with legal interest from the date of judicial demand until paid, all statutory penalties and attorney's fees, and all general and equitable relief available. Further, Plaintiffs, ROGER G. BURGESS AND CLAIRE C. BURGESS, pray that there be a judgment rendered in favor of Plaintiffs and against Defendant,

AIG PROPERTY CASUALTY COMPANY, declaring that in their transaction of insurance AIG PROPERTY CASUALTY COMPANY has an obligation to comply with the statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, which began to run upon the inspection of the property and/or receipt of the additional proof of loss submission and breached said obligation.

                                                                 Respectfully Submitted,

                                                                 *s/Erin M. Alley*
                                                                 _____
                                                                 ERIN M. ALLEY, T.A., #23214
                                                                 ealley@baggettmccall.com
                                                                 WHITNEY B. KNIGHTON, #37753
                                                                 wknighton@baggettmccall.com
                                                                 BAGGETT McCALL LLC
                                                                 3006 Country Club Road
                                                                 Post Office Drawer 7820
                                                                 Lake Charles, LA 70605
                                                                 (337) 478-8888
                                                                 (337) 479-1658 Facsimile

                                                                 Attorneys for Plaintiffs


Please serve this Complaint for Damages and Declaratory Judgment:

AIG PROPERTY CASUALTY COMPANY
Through its Agent of Process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809